**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Arsenio D. Rodriguez
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO TENESACA a/k/a FERNANDO CRUZ, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>-against-<br><br>MAGNETIC CONTRACTING CORP., CITY METRO CORP., and NIKITAS "NICK" NIKOLIS, individually;<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Pedro Tenesaca a/k/a Fernando Cruz ("Tenesaca" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation and other damages for Plaintiff and his similarly situated co-workers – carpenters, laborers, helpers, and other non-exempt workers (collectively, "Non-Exempt Workers") – who work or have worked for Magnetic Contracting Corp. and/or City Metro Corp. located in New York City (collectively, "Magnetic").

2. Owned and operated by Magnetic Contracting Corp., City Metro Corp., and Nikitas "Nick" Nikolis (collectively, "Defendants"), Magnetic is a commercial and residential construction company operating throughout the greater New York City area.

3. In order to provide its construction services to its clients, Magnetic employs Non-

1

Exempt Workers who are responsible for servicing their clients at work sites in Queens, Brooklyn, and Manhattan.

4. Despite being non-exempt employees, Magnetic has failed to properly pay Plaintiff and other Non-Exempt Workers overtime compensation at 1.5 times their regular rate of pay.

5. Plaintiff brings this action on behalf of himself and all other similarly situated Non-Exempt Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

6. Plaintiff also brings this action on behalf of himself and all other similarly situated Non-Exempt Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Pedro Tenesaca a/k/a Fernando Cruz**

7. Tenesaca is an adult individual who is a resident of New York, New York.

8. Tenesaca was employed by Magnetic as a laborer from approximately March 2016 through November 2016.

9. Tenesaca is a covered employee within the meaning of the FLSA and the NYLL.

10. A written consent form for Tenesaca is being filed with this Class Action Complaint.

**Defendants**

11. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

12. Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

13. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Magnetic Contracting Corp.**

14. Together with other Defendants, Magnetic Contracting Corp. ("MCC") has owned and/or operated Magnetic during the relevant time period.

15. MCC is a domestic for-profit corporation organized and existing under the laws of New York.

16. Upon information and belief, MCC's principal address is 43-24 21st Street, 3rd Floor, Long Island City, New York 11101.

17. MCC is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

18. At all times relevant, MCC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

19. In that regard, MCC's name and address appears on most of the pay stubs issued to Plaintiff.

20. MCC applies the same employment policies, practices, and procedures to all Non-Exempt Workers in its operation, including policies, practices, and procedures with respect to

payment of overtime compensation.

21.     Upon information and belief, at all relevant times, MCC has had an annual gross volume of sales in excess of $500,000.

**City Metro Corp.**

22.     Together with other Defendants, City Metro Corp. ("CMC") has owned and/or operated Magnetic during the relevant time period.

23.     CMC is a domestic for-profit corporation organized and existing under the laws of New York.

24.     Upon information and belief, CMC's principal address is 43-24 21st Street, 3rd Floor, Long Island City, New York 11101, the same as MCC.

25.     CMC is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

26.     At all times relevant, CMC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

27.     In that regard, CMC's name and address also appear on pay stubs issued to Plaintiff.

28.     CMC applies the same employment policies, practices, and procedures to all Non-Exempt Workers in its operation, including policies, practices, and procedures with respect to payment of overtime compensation.

29.     Upon information and belief, at all relevant times CMC has had an annual gross volume of sales in excess of $500,000.

**Nikitas "Nick" Nikolis**

30. Together with other Defendants, Nikitas "Nick" Nikolis ("Nikolis") has owned and/or operated Magnetic during the relevant time period.

31. Upon information and belief, Nikolis is a resident of the State of New York.

32. At all relevant times, Nikolis has been an owner and operator of Magnetic.

33. In that regard, Nikolis is identified on the General Contractor's license for MCC and CMC, which were filed with the New York City Department of Buildings.

34. According to the New York Secretary of State – Division of Corporations, Nikolis is identified as the recipient of service of process for MCC.

35. Nikolis maintains a direct and significant management role in Magnetic. In that regard, Plaintiff observed him supervising the work at MCC's various construction projects.

36. At all relevant times, Nikolis has had the power over payroll decisions at Magnetic, including the power to retain time and/or wage records.

37. At all relevant times, Nikolis has been actively involved in managing the day to day operations of Magnetic.

38. At all relevant times, Nikolis has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees at Magnetic.

39. At all relevant times, Nikolis has had the power to transfer the assets and/or liabilities of Magnetic.

40. At all relevant times, Nikolis has had the power the declare bankruptcy on behalf of Magnetic.

41. At all relevant times, Nikolis has had the power to enter into contracts on behalf of Magnetic.

5

42. At all relevant times, Nikolis has had the power to close, shut down, and/or sell Magnetic.

43. Nikolis is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

44. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

45. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

46. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Workers for Magnetic who elect to opt-in to this action (the "FLSA Collective").

48. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

49. Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

50. All of the work that Plaintiff and the FLSA Collective have performed has been

assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

51. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

52. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

53. There are many similarly situated current and former Non-Exempt Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

54. Plaintiff brings the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Non-Exempt Workers for Magnetic in New York between February 10, 2011 and the date of final judgment in this matter (the "Rule 23 Class").

55. The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

56. There are more than fifty Rule 23 Class Members.

57. Plaintiff's claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

58. Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

59. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class Members and has no interests antagonistic to the Rule 23 Class Members.

60. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented many plaintiffs and classes in wage and hour cases.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests

will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

62. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

    (a) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

    (b) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

    (c) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate statements with every payment of wages, as required by the NYLL;

    (d) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    (e) the nature and extent of class-wide injury and the measure of damages for those injuries.

## PLAINTIFF'S FACTUAL ALLEGATIONS

63.  Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Pedro Tenesaca a/k/a Fernando Cruz**

64.  Tenesaca was employed by Defendants as a laborer from approximately March 2016 through November 2016. During his employment, Tenesaca performed work throughout the New York City area.

65.  During his employment, Tenesaca generally worked over 40 hours per week, unless he missed time for vacation, sick days or holidays, or obtained additional shifts. On average, he would work between 5 to 6 days per week, from approximately 7:00 a.m. to 3:30 p.m. (for approximately 48 hours per week).

66.  Despite regularly working over 40 hours per workweek, Defendants failed to compensate Tenesaca with proper overtime compensation of 1.5 times his regular rate of pay for all hours he was suffered or permitted to work.

67.  While Defendants compensated Tenesaca on an hourly rate basis, Defendants would either not provide Plaintiff with any overtime compensation even though he was entitled to it, or when they did provide some compensation, it was at his regular hourly rate instead of 1.5 times his regular rate of pay for all hours worked in excess of 40 per workweek.

68.  Throughout his employment, Tenesaca received weekly pay stubs from Defendants that did not properly record and/or compensate him for all of the hours that he worked. In that regard, the paystubs fail to state, among other things, his actual hours worked.

69.  Defendants failed to provide Tenesaca with proper annual wages notices as required by the NYLL.

70. Defendants failed to provide Tenesaca with accurate wage statements as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(Brought on behalf of Plaintiff and the FLSA Collective)**

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

73. Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay for all hours worked in excess of 40 per workweek.

74. Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

75. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiff and the Rule 23 Class)

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the Rule 23 Class.

78. Defendants failed to pay Plaintiff and the Rule 23 Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rates of pay – for all hours worked beyond 40 per workweek.

79. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the Rule 23 Class)

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants have failed to supply Plaintiff and the Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

82.   Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

83.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.   Defendants failed to supply Plaintiff and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

85.   Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23

Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Magnetic. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.   Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.   Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.   Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.   Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars

14

each, as provided for by NYLL, Article 6 § 198;

      G.    Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

      H.    Prejudgment and post-judgment interest;

      I.    Reasonable attorneys' fees and costs of the action; and

      J.    Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       February 10, 2017

                              Respectfully submitted,

                              Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Arsenio D. Rodriguez
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and the Putative Class*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1. Doy mi consentimiento para ser parte demandante en una demanda contra MAGNETIC CONTRACTING CORP. y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2. Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_____
Firma (Signature)

Pedro F. Tenesaco C.
_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

